**Denia Isabel MARADIAGA–
MAYORQUIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–71443.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 25, 2005.

Jesse G. Cantor, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

MEMORANDUM **

Denia Isabel Maradiaga–Mayorquin, a native and citizen of Honduras, petitions

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

for review of an order of the Board of Immigration Appeals ("BIA") dismissing the appeal of an immigration judge's denial of her applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the BIA's determination that there was no nexus between robberies Maradiaga–Mayorquin experienced and her religious beliefs. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997). Furthermore, there is no mention in either the State Department country reports on Honduras or in materials provided by Maradiaga–Mayorquin that the Maras gang is involved in the suppression of religion. *See Zheng*, 397 F.3d at 1143 (the IJ may consider the State Department's reports in evaluating a petitioner's credibility and to discredit general statements).

Because Maradiaga–Mayorquin cannot meet the lower standard of eligibility for asylum, she has failed to show that she is entitled to a withholding of removal. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1001 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**